OPINION
Appellant, Calvin Dearwester, appeals a judgment of the Court of Common Pleas of Logan County, Ohio, overruling his motion to suppress. For the reasons that follow, we affirm the judgment.
On December 28, 1999, Sgt. Carnes of the Logan County Sheriff's Office arrived at a home located at 553 East Chillicothe Avenue in Bellefontaine, Ohio, in order to serve an arrest warrant on Appellant, Calvin Dearwester, on a charge of non-payment of child support. The tenant at the premises was Victoria Queen, Appellant's girlfriend; while Appellant had resided at the residence with Queen in the past, he was not living there on December 28, 1999. At the time of the arrest, Sgt. Carnes smelled an odor of fresh marijuana, which Appellant attempted to explain as the result of a previous evening of smoking the substance.
After arresting Appellant on the warrant and removing him to the Logan County Jail for processing, Sgt. Carnes contacted the Logan County Prosecutor's Office for the preparation of a search warrant for the premises at 553 East Chillicothe Avenue. Upon finding that no prosecutors were available to meet with him, Carnes, accompanied by Detective Stout of the Sheriff's Office, returned to Queen's home and requested her consent to search the premises. Carnes told Queen that if she refused, he would probably leave an officer at the home while he obtained a search warrant. Thereafter, Queen executed a written consent to search.
Within a few minutes of commencing the search, the officers discovered marijuana. At the conclusion of the search, the officers had uncovered approximately ten pounds of marijuana from various locations in the home, including the living room, bedroom and basement.
After the evidence was processed, Detective Stout interrogated Appellant at the Logan County Jail, where he was already in custody on the prior charges. After executing a waiver of his Miranda rights, Detective Stout showed Appellant photographs of the evidence collected, and Appellant provided a verbal confession and a written statement that the seized marijuana was his. The entire interview process, including theMiranda waiver, the interview itself, and the subsequent reduction of the confession to writing took, at most, twenty minutes.
As a result of these events, Appellant was indicted in case number CR 00-01-0009, on one count of possession of drugs, a third degree felony, in violation of R.C. 2925.11(A). Appellant pled not guilty to the charge, and on June 13, 2000, filed motions to suppress the evidence discovered during the warrantless search on December 28, 1999, and the subsequent statement given by Appellant to Detective Stout on the same date. On July 12, 2000, the trial court overruled Appellant's motions, finding that the search was voluntarily consented to by Victoria Queen and that the consent was never revoked. The court further found that Appellant's statement was voluntarily given and not the product of illegal coercion.
Subsequently, on July 19, 2000, Appellant appeared before the trial court and entered a plea of no contest to the charge. The trial court accepted the plea, and continued the matter for sentencing, pending the preparation of a pre-sentence investigation report. On August 24, 2000, Appellant was sentenced to a term of four years imprisonment in the Department of Rehabilitation and Corrections.
Appellant now appeals the judgment of the trial court, asserting two assignments of error for our review.
 Assignment of Error No. 1 The trial court erred by ruling that Queen did not revoke her consent to search.
 The crux of Appellant's argument herein is that the trial court erred in denying his motion to suppress the contraband discovered during the search of the residence of his girlfriend, Victoria Queen, on December 28, 1999.
We first note the standard of review that this Court must employ. "When reviewing the trial court's decision regarding a motion to suppress, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." State v. Powers
(Oct. 16, 1998), Marion App. Nos. 9-98-08, 9-98- 09, 9-98-10, unreported.
In this case, the record is uncontroverted that Queen executed a voluntary consent to search her residence. However, Appellant argues that Queen subsequently revoked her consent to the search.
While Queen testified that she felt violated and that during the search she decided she wanted a warrant, she never testified that she explicitly revoked the prior consent to the search. The deputies involved in the search both testified that at no time whatsoever did Queen manifest an intention to revoke her consent. The testimony of the officers is further bolstered by the statement given by Queen after the conclusion of the search, where she again voluntarily acknowledged that she had willingly given her consent to the search.
The trial court found that Queen consented to the search and that she never explicitly withdrew her consent. Since these findings of fact are supported by competent credible evidence, we are bound to accept the trial court's findings.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
 Assignment of Error No. 2 The trial court erred in denying Defendant's motion to suppress, in that the defendant's confession was the product of coercion by the deputy.
 In this assignment of error, Appellant asserts that the confession was not made until after Detective Stout threatened to arrest Appellant's girlfriend, Victoria Queen, who was eight months pregnant at the time. Appellant therefore contends that because of the custodial nature of the interrogation, coupled with the threat of arrest of his girlfriend, his confession was the product of coercion and not a voluntary statement.
A confession is admissible if it is voluntarily, knowingly, and intelligently given. State v. Edwards (1976), 49 Ohio St.2d 31,358 N.E.2d 1051, vacated in part on other grounds (1978), 438 U.S. 911,98 S.Ct. 3147, 57 L.Ed.2d 1155. "In deciding whether the defendant's confession in this case was involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement."Id. at 40-41, 358 N.E.2d 1051. "A suspect's decision to waive his Fifth Amendment privilege is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." State v. Dailey (1990),53 Ohio St.3d 88, 91, 559 N.E.2d 459. As we stated before, on review, the weight of the evidence and credibility of witnesses in a suppression hearing are determined by the trier of facts. State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584.
While the basis for this assignment of error is the coercive nature of the alleged threats made by Detective Stout regarding the potential arrest of Appellant's pregnant girlfriend, the record supports a factual finding by the trial court to the contrary. Detective Stout testified that he never considered arresting Victoria Queen for the offense, nor did he suggest to Appellant that he would. Stout also testified that he was not even aware of Queen's pregnancy at the time of the interview.
Here, the trial court reviewed all of the circumstances and found that Appellant was mature, criminally experienced, and of average or above average intelligence. The court also found that the interrogation was relatively brief, that there were no physical threats and minimal coercive tactics. As a result of these findings, the trial court held that the confession was not involuntary. Since the trial court's findings of fact are supported by competent credible evidence, we are bound to accept these findings, and agree that the confession was voluntarily made.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.